UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTY REAMS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MARK A. HAAS,<br><br>　　　　　　Defendant. | NO.  CV-08-0259-LRS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

　　BEFORE THE COURT is Defendant Mark A. Haas's Motion to Dismiss Pursuant to FRCP 37(b)&(d), Ct. Rec. 27, filed on April 10, 2009, and noted without oral argument on June 1, 2009.  On May 12, 2009, the Court entered an order granting defendant's [sic] counsel's[1] motion for leave to withdraw.  No new counsel has appeared on behalf of plaintiff nor has plaintiff appeared pro se.  No response has been filed by Plaintiff to date.

　　The Court has reviewed the Motion and the file and is fully informed.  The Court finds that plaintiff has failed to complete a court ordered FRCP 35 Mental Examination and has failed to provide responses to discovery requests.  FRCP 37(b)(2) specifically provides:

---

[1] It appears the order entered contained a typo whereby it referred to Defendant's counsel rather than Plaintiff's counsel, the latter who brought the motion for leave to withdraw.

ORDER - 1

>       If a party or a party's officer, director, or
>       managing agent--or a witness designated under Rule
>       30(b)(6) or 31(a)(4)--fails to obey an order to
>       provide or permit discovery, including an order
>       under Rule 26(f), 35, or 37(a), the court where
>       the action is pending may issue further just
>       orders.  They may include the following:
>       . . .
>       dismissing the action or proceeding in whole or in
>       part . . . .

FRCP 37(b)(2)(v).  The trial court has broad discretion in imposing sanctions against party who fails to comply with a discovery order, though that discretion is limited where ultimate sanctions of dismissal or entry of default judgment are concerned.  Under Fed.R.Civ.P. 37(b)(2), the district court may dismiss an action as a sanction for failure to "obey an order to provide or permit discovery."  The decision to dismiss claims based upon discovery violations is a matter that falls within the discretion of the trial court.  *See Craig v. Far West Engineering Co.*, 265 F.2d 251, 260 (9th Cir.1959).  The Court hereby exercises its discretion, finding that Plaintiff has filed to comply with court orders and disclosure deadlines, to the prejudice of Defendant.  As a result, Defendant is unable to prepare for trial in this matter.

Moreover, Plaintiff has yet to file any response to the motion. Local Rule 7.1(c)provides an opposing party with 11 calendar days after service to serve and file a responsive memorandum.  Plaintiff's former counsel and Plaintiff,[2] were served with the motion to dismiss on April 10, 2009.  Plaintiff was required to serve and file a

---

[2] Plaintiff was served at her last known address.  However, plaintiff's former counsel indicates that plaintiff's whereabouts are unknown.  See Ct. Rec. 25 at 2, ¶ 5.

ORDER - 2

response no later than April 29, 2009.  More than a month has passed since the response was due and Plaintiff has not indicated her intent to represent herself or provide her address for court purposes. Additionally, her current whereabouts are apparently unknown.

Local Rule 7.1(h)(5) for the United States District Court, Eastern District of Washington provides:

> A failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default.

Plaintiff's failure to timely file a memorandum of points and authorities in opposition to Defendant's motion is considered as consent to the entry of an order adverse to the plaintiff. Accordingly, the Court finds that plaintiff's claims should be dismissed without prejudice.

**IT IS ORDERED** that:

1. Defendant Mark A. Haas's Motion to Dismiss Pursuant to FRCP 37(b)&(d), **Ct. Rec. 27**, filed on April 10, 2009, is **GRANTED.** Plaintiff's claims are hereby dismissed without prejudice.

2. The file shall be **CLOSED** in this matter.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to the Defendant, Plaintiff's former attorney Richard Wall, and Plaintiff at her last known address.

**DATED** this  2nd   day of June, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3